**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**PERMON THOMAS,**
Plaintiff,

v. 2:26-cv-3067-KCD-NPM

**FLORIDA DEPARTMENT OF EDUCATION**, *et al.*,
Defendants.

---

**ORDER**

We are both required and authorized by law to collect a $405 filing fee before a civil action may proceed. *See* 28 U.S.C. § 1914(a) (requiring a $350 fee); *District Court Miscellaneous Fee Schedule* prescribed by the JUDICIAL CONFERENCE OF THE UNITED STATES (effective Dec. 1, 2023) (providing for an additional $55 fee pursuant to 28 U.S.C. § 1914(b)). But we may—in our discretion—waive this fee when an indigent plaintiff, other than a prisoner, adequately states a nonfrivolous claim for relief. *See* 28 U.S.C. § 1915(a) and (e)(2)(B).[1] Non-prisoner plaintiff Permon Thomas requests such a waiver.

---

[1] Notably, § 1915(a) alone calls for an assessment of both financial eligibility and the plaintiff's description of "the nature of the action" and alleged entitlement to redress. While § 1915(a) refers to both "persons" and "prisoners," courts have found that it authorizes filing-fee waivers for non-prisoners. *See Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013); *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997), *Floyd v. United States Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997). The difference is that we may waive the entire $405 filing fee for non-prisoners, but we must ultimately collect (in periodic installments) the $350 § 1914(a) fee from prisoners. *See* 28 U.S.C. § 1915(b).

For now, we can dispense with the question of whether Thomas financially qualifies. He declares under penalty of perjury that he receives $996 in disability income, his financial obligations outstrip his income, and he has no liquid assets. (Doc. 2). If we later discover that Thomas's allegation of poverty is untrue, we will be required—even if he pays the filing fee—to dismiss his case. *See* 28 U.S.C. § 1915(e)(2)(A).

Thomas's request for a filing-fee waiver lacks merit, however, because he doesn't adequately state a nonfrivolous claim for relief. He is proceeding without counsel, so we give his complaint a liberal construction. But he is not entitled to any exemption from the basic rules of pleading. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded pro se litigants, we nevertheless have required them to conform to procedural rules."). His complaint must still comply with Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure, which, among other things, ensure that each defendant, and the court, are provided with fair notice of the specific claims—and grounds therefor—on which any remedy may rest.

As such, a complaint may not run afoul of the prohibition against shotgun pleading.[2] It must present "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter" to state a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While an exhaustive exposition of alleged facts is not required, there must be "enough heft" to show that if the alleged facts are true, the pleader is entitled to relief. *Twombly*, 550 U.S. at 557.

Falling short of this standard, Thomas does not cogently present sufficient facts and theories of recovery to move the liability needle from possible to plausible. As best we can decipher, Thomas suggests that Florida vocational rehabilitation officials discriminatorily delayed and canceled medically necessary spinal surgery, withheld required information and accommodations, and obstructed his rehabilitation and self-employment services because of his disability, and that he

---

[2] The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type … is a complaint … replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

was subjected to retaliation for complaints and accommodation requests. (Doc. 1). But his 40-page complaint is so prolix, disjointed, and conclusory that it would not be just to require any of the defendants to incur the burden and expense of attempting to craft a response. *See Phillips v. Mashburn*, 746 F.2d 782, 784–85 (11th Cir. 1984) ("Frivolous suits unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense.").

As neutral arbiters, we have no license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading to sustain an action. *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him."). And by the same token, we will not act as adverse counsel and catalog every flaw in a complaint. *See Barmapov v. Amuial*, 986 F.3d 1321, 1327-28 (11th Cir. 2021) ("district courts have neither the manpower nor the time to sift through a morass of irrelevant facts"). Suffice it to say that Thomas's initiating paper does not comply with Rules 8(a) or 10(b); does not comport with the *Iqbal-Twombly* pleading standard; and is an impermissible shotgun pleading.[3] Thus, it fails to state a claim and is frivolous.

By rule, Thomas may amend his complaint as of right to cure the flaws enumerated above. *See* Fed. R. Civ. P. 15(a)(1)(B). So, he has two options: (1) file

[3] Thomas's complaint also fails to comply with the court's Local Rule 1.08. *See* M.D. Fla. R. 1.08.

an amended complaint that (a) complies with the *Iqbal-Twombly* pleading standard, (b) does not violate the prohibition against shotgun pleading, and (c) otherwise complies with the federal and local rules; or (2) pay the filing fee. Thomas should take note, however, that even if he pays the filing fee, we may—on our own initiative—dismiss this action as frivolous without notice or an opportunity to be heard. *See Vega v. Kahle*, No. 23-12065, 2025 WL 3540349, *5 (11th Cir. Dec. 10, 2025). And, if appropriate, we could order him to show cause why he should not be sanctioned under Civil Rule 11(c)(3).

By **December 7, 2026**, Thomas must either pay the filing fee or file a sufficient complaint. In the meantime, his request for a filing-fee waiver will remain under advisement. A failure to fully comply with this order or timely seek relief from it may result in the dismissal of this action without prejudice and without further notice.

**ORDERED** on November 23, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge